Top Grade Excavating N.Y. Inc. v HDMI Holdings LLC (2021 NY Slip Op 03010)





Top Grade Excavating N.Y. Inc. v HDMI Holdings LLC


2021 NY Slip Op 03010


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 153811/16 Appeal No. 13795-13795A Case No. 2020-00781 2020-00785 

[*1]Top Grade Excavating New York Inc., Plaintiff-Respondent,
v
HDMI Holdings LLC, et al., Defendants, Airitan Management Corp., Defendant-Appellant.


The Law Offices of Michael P. Berkley, P.C., Garden City (Michael P. Berkley of counsel), for appellant.
Joseph P. Dineen, Garden City, for respondent.



Judgment, Supreme Court, New York County (Joel M. Cohen, J.), entered December 11, 2019, inter alia, following a nonjury trial, in favor of plaintiff and against defendant Airitan Management Corp. on plaintiff's breach of contract claim in the amount of $182,130 plus pre-judgment interest, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered December 6, 2019, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff excavation subcontractor on a building project commenced this action alleging breach of contract against, among others, defendant general contractor Airitan Management Corp. for amounts allegedly due. After a nonjury trial, the court found in plaintiff's favor. Plaintiff's subcontract contained a unit price for breaking rock of $500 per cubic yard. The primary issue before this Court is whether the court properly determined how the quantity of rock broken by plaintiff was to be measured.
Defendant's contention that Supreme Court erred in relying on parol and extrinsic evidence because the contract is unambiguous is unpreserved. In any event, plaintiff's subcontract does not require broken rock to be quantified based on the dimensions of the excavation as shown in the drawings. Rather the subcontract is silent as to how the quantity of broken rock was to be calculated. Accordingly, Supreme Court properly considered extrinsic evidence in determining whether the quantity of excavated broken rock was to be based on the dimensions of the excavation, i.e., the volume of the rock in its compacted, unbroken, undisturbed state or the size of the containers it filled after being excavated and broken (see Greenfield v Philles Records, Inc., 98 NY2d 562, 569-570 [2002]; Hart v Kinney Drugs, Inc., 67 AD3d 1154, 1156 [3d Dept 2009]).
Defendant is not entitled to a credit for $38,968 billed as mobilization charges that were not provided for in plaintiff's subcontract. Defendant instructed plaintiff to bill $38,968, equal to 15% of the subcontract price, under a line item for mobilization and to correspondingly reduce each of the other line items by 15%, and plaintiff billed accordingly. Defendant also is not entitled to a credit for work regarding footings, wall, underpinning, cellar and first floor, and concrete slab that it contends plaintiff never performed, as plaintiff never billed for such work. Supreme Court did not abuse its discretion in precluding testimony regarding contractors hired or work performed to correct or complete plaintiff's work, which was the subject of a motion in limine.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021